CORY STEVEN FLUHR,

          Plaintiff,

                        Case No. 26-cv-525-pp

    v.

DODGE CORRECTIONAL INSTITUTION, *et al.*,

          Defendants.

## ORDER REQUIRING PLAINTIFF TO PAY PARTIAL FILING FEE

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective December 1, 2023 #14). Non-incarcerated plaintiffs must pay the $405 fee at the time they file their complaint.

The plaintiff, who is incarcerated at the Outagamie County Jail and who is representing himself, has filed a request to proceed without prepaying the filing fee, alleging that he is unable to do so. The law does not allow the court to waive the filing fee for an incarcerated person, even if he does not have enough money to pay the fee at the time of filing. An incarcerated person must pay a filing fee for every complaint he files—even if the court ends up dismissing the complaint or ruling against him. If an incarcerated person files more than one complaint, he must pay a separate filing fee for each complaint filed.

But if the court decides that an incarcerated person is unable to prepay the filing fee, (a) the $55 administrative fee is waived and (b) the court may

allow the incarcerated person to pay the $350 filing fee by paying an initial partial filing fee, followed by monthly installments, until the $350 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the incarcerated person's account or the average monthly balance in the incarcerated person's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. §1915(b).

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. §1915(a)(2). That statement shows that for that six-month period, the average monthly deposit in the account was $84.21, and the average monthly balance in the account was $109.12. So 28 U.S.C. §1915(b)(1) requires the plaintiff to pay an initial partial filing fee of **$21.82**. Once the court has received that initial partial filing fee, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). The law states that "the agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." Id.

The plaintiff should be aware of several things. First—the law requires the court to review, or "screen," all complaints in which incarcerated persons sue government officials. 28 U.S.C. §1915A(a). It says that the court must dismiss the complaint if the complaint is frivolous, malicious or fails to state a claim for which a federal court may grant relief. 28 U.S.C. §1915A(b).

Second—if an incarcerated person files more than three complaints which the court dismisses as frivolous or malicious, or for failure to state a

complaint upon which relief can be granted, the law says that that he cannot file any more complaints without first prepaying the full filing fee (unless he is in imminent danger of serious physical injury). 28 U.S.C. §1915(g). When the court dismisses a complaint as frivolous or malicious or for failure to state a claim, it assesses a "strike" against the plaintiff. Once the court has assessed three "strikes" against a plaintiff, the court will require him to *prepay* the full filing fee for any future complaints he files.

Third—the court will not analyze a complaint to determine whether it is frivolous or malicious or fails to state a claim upon which relief can be granted—or take any other action in the case—until *after* the plaintiff pays the initial partial filing fee. Delay in paying the initial partial filing fee will delay the entire case. Once the court receives the initial partial filing fee, it will screen the complaint. If the court dismisses the complaint as frivolous or malicious, or for failure to state a claim, the court will not refund the initial partial filing fee and the plaintiff still will owe the balance of the $350 filing fee.

Fourth—if the plaintiff does not have enough money to pay the initial partial filing fee in time for the court to receive it by the date the court provides at the end of this order, he may write to the court and ask for an extension of that deadline. He must send the request for an extension in time for the court to *receive* it by the deadline the court provides at the end of this order.

Fifth—if the plaintiff does not have enough money in his regular trust account to pay the initial partial filing fee but *does* have enough money in his release account, the *plaintiff* is responsible for making arrangements with the authorities at the jail or prison to pay the balance of the initial partial filing fee from the release account. 28 U.S.C. §1915(b)(1) suggests, however, that an incarcerated person may use release account funds to pay an initial partial

filing fee only if he does not have enough money in his regular trust account. See Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).

Finally, if the plaintiff does not pay the initial partial filing fee (or file a request for an extension of time) by the end of the day on the date the court provides at the end of this order, the court will conclude that the plaintiff does not want to continue with the lawsuit and will dismiss the lawsuit without prejudice. The court will not treat the dismissal as a "strike" under §1915(g), but the plaintiff still will owe the $350 filing fee.

The court will send a copy of this order to the Director of the Wisconsin Resource Center, where the plaintiff is confined.

The court **ORDERS** that if the plaintiff wishes to continue with this lawsuit, then by the end of the day on **May 4, 2026**, he must pay **$21.82** as an initial partial filing fee (or file a letter asking for more time to do so).

The court **ORDERS** that if the plaintiff does not pay the **$21.82** or file a letter asking for more time to pay it by the end of the day on **May 4, 2026**, the court will dismiss the lawsuit without prejudice and the plaintiff will still owe the $350 filing fee.

Dated in Milwaukee, Wisconsin this 2nd day of April, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

4